**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:** 19cv60922

DAVID POWERS, individually,

      Plaintiff,

Vs.

TARGET CORPORATION, a foreign corporation,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID POWERS, by and through his undersigned counsel, hereby sues the Defendant, TARGET CORPORATION, hereinafter referred to as "TARGET," and in support thereof alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages which exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. At all times material hereto, the Plaintiff, DAVID POWERS, was and is a resident of the State of Florida, and is otherwise *sui juris*.

3. That all times material hereto, Defendant, TARGET was a foreign corporation, with its principal place of business in Minneapolis, Minnesota, that conducts substantial business in Broward County, Florida.

4.     At all times material hereto, the Defendant, TARGET, owned the Target store located at 3200 N. Federal Highway, Ft. Lauderdale, Florida, hereinafter referred to as the "subject premises."

5.     At all times material hereto, the Defendant, TARGET, controlled the subject premises.

6.     At all times material hereto, the Defendant, TARGET, maintained the subject premises.

7.     At all times material hereto, the Defendant, TARGET, operated the subject premises.

8.     Venue is proper in this Court as the subject incident took place therein in Broward County, Florida.

9.     The Court has federal subject matter jurisdiction pursuant to 28 U.S.C § 1332, because there is diversity of citizenship between the parties (Plaintiff a citizen of Florida and Defendant is a citizen of Florida) and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interests.

10.    That on or about March 26, 2017, the Plaintiff, DAVID POWERS, was an invitee, licensee and/or lawfully permitted guest on the subject premises.

11.    On the evening of March 26, 2017, the Plaintiff, DAVID POWERS, entered into the men's restroom (the "subject restroom") at the subject premises.  As he was walking towards the urinals in the men's restroom, he was suddenly caused to slip and fall to the floor as a result of urine and/or other wet substance on the floor.

12.     After the fall, the Plaintiff examined the floor and found that the floor was covered in urine with black streaks and foot print tracks indicating the urine/substance had been on the floor for a significant period of time.

13.     At all times material hereto, the subject restroom flooring was excessively slippery when wet and failed to meet applicable ADA codes pertaining minimum slip resistance.

14.     As a result of the fall, the Plaintiff, DAVID POWERS suffered severe and permanent injury.

## COUNT I (NEGLIGENCE)

### [TARGET]

15.     Plaintiff readopts and restates Paragraph1 through 14 as full as if said Paragraphs were restated herein.

16.     That at all times material hereto, the Defendant, TARGET owed a duty to maintain, operate and control the subject premises, including the subject restroom inside the subject premises, in a reasonably safe manner, free from any unsafe, hazardous, dangerous and/or defective conditions.

17.     That at all times material hereto, the Defendant, TARGET owed a duty to warn of any dangerous, hazardous and/or defective condition on the subject premises, including in the men's restroom at the subject premises.

18.     At all times material hereto, the Defendant, TARGET selected the flooring for the subject restroom.

19.     The Defendant, TARGET, breached its duty of care and was negligent by one or more of the following acts:

a.      Negligently allowing urine and/or other liquid to remain on the floor of the men's restroom at the subject premises for an unreasonable length of time;

b.      Failing to put a warning sign in the area of the urine and/or other liquid in the men's restroom of the subject premises;

c.      Failing to inspect the area where the Plaintiff fell in a timely manner so as to discover the urine and/or other substance on the floor of the men's restroom of the subject premises;

d.      Negligently failing to clean the floor of the men's restroom in a timely manner;

e.      Negligently failing to remove urine and/or other substance from the men's restroom floor of the subject remises;

f.      Negligently selecting, installing and/or choosing improper and/or inadequate flooring for the subject restroom;

g.      Negligently selecting flooring in the subject restroom that had inadequate slip resistance;

h.      Negligently selecting flooring in the subject restroom, which slip resistance was below the ADA minimum standard; and/or

i.      Any other conditions to be discovered at a later date.

20.     Said dangerous and hazardous conditions were known and/or should have been known to the Defendant, TARGET, were created by the Defendant, TARGET, or had existed for a sufficient length of time so that Defendant, TARGET, knew and/or should have known about the condition, and/or said dangerous conditions occurred with regularity and were therefore foreseeable.

21.     As a direct and proximate result of the negligence of the Defendant, TARGET, the Plaintiff, DAVID POWERS, was injured in and about his body, head, face and/or extremities, and/or aggravated a pre-existing condition, sustained bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience,

loss of the capacity for the enjoyment of life,  physical handicap, loss of earnings, incurred medical, nursing, attendant care and life care expenses for his care and treatment and his working ability was impaired; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses and impairments in the future.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, TARGET for damages, together with interest and costs, and further demand a trial by jury on all issues so triable as a matter of right.

Dated this 8th day of April, 2019.

HALPERN SANTOS & PINKERT
*Counsel for Plaintiffs*
150 Alhambra Circle
Suite 1100
Coral Gables, FL 33134
Phone: (305)445-1111
Fax:    (305)445-1169
Email: ian@hsptrial.com

By:__/s/ Ian D. Pinkert_____
  IAN PINKERT, ESQUIRE
  Florida Bar No.: 84572