UNITED STATES DISTRICT COURT
For the
Southern District of Florida

CASE NO.: 0:19-CV-60922 BB

DAVID POWERS,

      Plaintiff,

vs.

TARGET CORPORATION,
a foreign Corporation,

      Defendant.

_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

The Defendant, TARGET CORPORATION, by and through undersigned counsel, and pursuant to Rule 8, Federal Rules of Civil Procedure, files this its Answer, Affirmative Defenses and Demand for Jury Trial in Response to the Plaintiff's Complaint, and states as follows:

1.    The Defendant, TARGET CORPORATION, is without knowledge as to paragraphs 1, 2 and 9 of the Plaintiff's Complaint and therefore same are denied.

2.    The Defendant, TARGET CORPORATION, denies the allegations in paragraphs 4, 5, 8 and 10-21 of the Plaintiff's Complaint.

3.    The Defendant, TARGET CORPORATION, would admit paragraphs 3, 6 and 7 of the Plaintiff's Complaint.

*Powers, David v. Target Corporation*
Case No.: 0:19-CV-60922

## AFFIRMATIVE DEFENSES

4.      As and for a first affirmative defense, the Defendant would state that the Plaintiff's own negligence bars the Plaintiff from recovery against this Defendant or alternatively requires that any recovery by Plaintiff should be comparatively reduced due to the Plaintiff's contribution to negligence.

5.      As and for a second affirmative defense, the Defendant would state that the injuries allegedly suffered by the Plaintiff were the result of the negligence of third party(ies) over whom the Defendant did not exercise any supervision, responsibility or control to wit: such persons to be revealed through discovery.

6.      As and for a third affirmative defense, the Defendant would state that the Plaintiff has been reimbursed for any and all losses, including lost wages and medical expenses, due to personal injury as a result of the alleged incident asserted herein by one or more of the collateral sources set forth in Florida Statute §768.76.

7.      As and for a fourth affirmative defense, the Defendant would state that to the extent the Plaintiff has alleged or has suffered an aggravation of a pre-existing injury, the Defendant is entitled to a set off from any other tortfeasor who has paid monies in settlement of prior or subsequent accident claims.

8.       As and for a fifth affirmative defense, the Defendant raises as an affirmative defense, the provisions of Florida Statute §768.81, limiting the Defendant's liability to the percentage of fault of this Defendant only.

9.      As and for a sixth affirmative defense, the Defendant would state that it is entitled to a set-off for the amount of medical bills that were written off by medical providers who examined and/or treated Plaintiff pursuant to her contracts with a health maintenance organization and/or other health insurer, and/or which were reduced via payment by Medicare. Thyssenkrupp Elevator Corp. v. Lasky, 868 So.2d 547 (Fla. 4th DCA 2003).

10.      As and for a seventh affirmative defense the Defendant states that Florida Statute 768.0755 applies to the subject action.  The Plaintiff cannot establish actual or constructive notice on the part of the Defendant and as a result this action is barred.

*Powers, David v. Target Corporation*
Case No.: 0:19-CV-60922

## DEMAND FOR JURY TRIAL

This Defendant demands trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via Electronic Mail on May 30, 2019 to: Ian Pinkert, Esquire [ian@hsptrial.com]

**Vernis & Bowling of Broward, P.A.**
5821 Hollywood Boulevard
Hollywood, FL 33021
(954) 927-5330
(954) 927-5320 (Fax)

By: */s/ Thomas W. Paradise*
Thomas W. Paradise, Esq.