UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-60922-BLOOM/VALLE

DAVID POWERS,
*individually*,

    Plaintiff,

v.

TARGET CORPORATION,
*a foreign corporation*,

    Defendant.
_____

## ORDER ON DEFENDANT'S MOTION TO COMPEL

THIS CAUSE is before the Court upon Defendant's Motion to Compel Better Answers to Interrogatories and Requests for Production and Overrule Objections (ECF No. 47) (the "Motion"). United States District Judge Beth Bloom has referred the case to the undersigned for discovery. *See* (ECF No. 13). The Court has reviewed the Motion, Plaintiff's Response (ECF No. 53), and being otherwise fully advised in the matter, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART**.

### I.    BACKGROUND

On April 8, 2019, Plaintiff filed this action against Defendant Target Corporation ("Defendant"), alleging a claim of negligence based on a slip and fall that occurred on March 26, 2017. *See generally* (ECF No. 1). On May 30, 2019, Defendant filed its Answer and Affirmative Defenses. *See generally* (ECF No. 9). Defendant served Plaintiff with discovery, including interrogatories and requests for production, to which Plaintiff responded on December 13, 2019. *See* (ECF No. 47 at 3). Defendant challenged Plaintiff's initial responses to the discovery requests and, despite amended responses by Plaintiff, Defendant has filed the instant Motion seeking better

responses. *See generally* (ECF Nos. 47 and 53). All parties agree that the dispute relates principally to discovery of Plaintiff's financial information from the time of the alleged incident (March 26, 2017) to the date of Plaintiff's surgery for the alleged injuries (January 18, 2018) (the "Relevant Period").[1] *Id.*

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Rule 26(b) also allows discovery "through increased reliance on the commonsense concept of proportionality." *In re: Takata Airbag Prod. Liab. Litig.*, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, *2015 Year–End Report on the Federal Judiciary 6* (2015)).

The Federal Rules also afford the Court broad authority to control the scope of discovery, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306-07 (11th Cir. 2011), but "strongly favor full discovery whenever possible. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Thus, courts allow liberal and broad discovery in keeping with the spirit and purpose of these rules. *See Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010) (collecting cases regarding the scope of discovery). The "overall

---

[1] Although in Request 6, Defendant seeks photographs and videos depicting Plaintiff's vacations for the past three year, the discussion herein focuses on Defendant's request for financial information because Plaintiff acknowledges that he "inadvertently failed to respond to [Request 6]" and has amended his response." *See* (ECF Nos. 47 at 4 and 53 at 2). Accordingly, Defendant's motion to compel a better response to Request 6 is denied as moot.

2

purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Shapiro v. Dynamic Recovery Sols., LLC*, No. 18-CV-60035-BB, 2018 WL 8130559, at *4 (S.D. Fla. July 26, 2018) (citation omitted); *see also Coach, Inc. v. Visitors Flea Mkt., LLC*, 2013 U.S. Dist. LEXIS 152915, at *4 (M.D. Fla. October 24, 2013) (noting that discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action).

Accordingly, when a party objects to discovery, the onus is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *Alvar v. No Pressure Roof Cleaning, LLC,* No. 17-80725-CV, 2018 WL 1187777, at *2 (S.D. Fla. Mar. 7, 2018) (citation omitted). Boilerplate objections and generalized responses are improper. *See Alhassid v. Bank of America,* No. 14-20484, 2015 WL 1120273, at *2 (S.D. Fla. March 12, 2015). This District has frequently held that objections that fail to sufficiently specify the grounds on which they are based are improper and without merit. *See, e.g., Taylor v. Bradshaw*, No. 11–80911–CIV, 2014 WL 6459978, at *7 (S.D. Fla. Nov. 14, 2014) (finding plaintiff's responses were impermissible, boilerplate objections); *Abdin v. Am. Sec. Ins. Co.,* No. 09-81456-CIV, 2010 WL 1257702, at *2 (S.D. Fla. March 29, 2010) (requiring an amended response where plaintiff's objections were meaningless and boilerplate).

### III. DISCUSSION

*1. Requests Relating to Bank or Credit/Debit/ATM Accounts (Interrogatory 12 and RFPs 7 and 8)*

Defendant's discovery requests relating to bank, credit/debit/ATM accounts are as follows:

Interrogatory 12 seeks "any and all credit cards you had in your name [for the Relevant Period], specifying the line of credit available for each card during such time."

3

RFP 7 seeks "[a]ny and all bank statements for accounts associated [with] Plaintiff [for the Relevant Period].

RFP 8 seeks "[a]ny credit/debit and/or ATM card records or statements for accounts associated [with] Plaintiff [for the Relevant Period,] which would reflect the balance of such accounts.

(ECF No. 47 at 4).

As noted above, parties may generally obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b). Here, Plaintiff's repeated objections that the financial information sought is "not reasonably calculated to lead to admissible evidence as Plaintiff is not making a claim for lost wages," is unavailing. First, Rule 26(b) expressly provides that "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." *Id*. Moreover, in his Complaint for damages, Plaintiff alleges that as a direct and proximate result of Defendant's negligence, Plaintiff sustained "loss of earnings," among other things. (ECF No. 1 at 4-5). Lastly, based on Plaintiff's testimony during his deposition, as outlined in the Motion, Defendant is entitled to challenge Plaintiff's credibility and test his statement that he was financially unable to have surgery before January 2018. Thus, undersigned finds that discovery regarding Plaintiff's bank, credit, debit, and/or ATM accounts is relevant to Plaintiff's alleged claims.

Accordingly, Defendant's Motion to compel better responses (and responsive documents) to Interrogatory 12, and RFPs 7 and 8 is granted.

   2. *Requests for Production Relating to Taxes (RFPs 9 and 10)*

In RFPs 9 and 10, Defendant also seeks discovery regarding Plaintiff's taxes:

RFP 9 seeks "[c]opies of the W-2 withholding Tax Statements and any and all other business records and other evidence of 2017 and 2018 income."

RFP 10 seeks "[c]opies of 2017 and 2018 Federal and Statement Income Tax Returns."

4

Pursuant to Rule 34(a), parties can request the production of documents and other things within the scope of Rule 26(b). However, when a party asks for tax returns, most courts acknowledge that the request raises public policy concerns. *Coach,* 2013 U.S. Dist. LEXIS 152915, at *4. Indeed, federal courts are split on whether income tax returns are entitled to enhanced protection from discovery. *Id.* (collecting cases); *see also Pendlebury v. Starbucks Coffee*, 2005 WL 210524, at *1-2 (S.D. Fla. Aug. 29, 2005) (collecting cases). For example, some courts in this District hold that a party seeking the production of tax returns must show a compelling need, in addition to relevance, while other courts in the same district find that ordinary relevance is all that is required. *Coach*, 2013 U.S. Dist. LEXIS 152915, at *4 (collecting cases); *Pendlebury*, 2005 WL 2105024, at *1. And, even courts that hold that relevancy is the sole issue have taken steps to protect the confidentiality of tax returns.[2] *Coach*, 2013 U.S. Dist. LEXIS 152915 at *4; *Pendlebury*, 2005 WL 2105024, at *1.

The Eleventh Circuit has not explicitly addressed the issue or recognized a special privilege for tax records.[3] But, in *Maddow v. Proctor & Gamble Co., Inc.*, 107 F.3d 846, (11th Cir. 1997), the court found that the district court did not abuse its discretion in compelling tax records because they were "arguably relevant to the case." 107 F.3d at 853; *see also Coach*, 2013 U.S. Dist. LEXIS 152915, at *4-5; *see also Exist, Inc. v. E.S.Y., Inc.*, No. 14-CV-62429, 2015 WL 926003, at *2 (S.D. Fla. Mar. 4, 2015) (finding financial information relevant and generally discoverable).

Here, based on Plaintiff's alleged claims and his testimony that financial circumstances prevented him from having surgery prior to January 2018, the undersigned finds that Plaintiff's tax

---

[2] For example, Plaintiff's privacy concerns regarding his financial records may be addressed in a proper confidentiality order, which the parties may submit for the Court's consideration. *See, e.g.*, *Exist*, 2015 WL 926003, at * 4 (directing the parties to submit a joint proposed protective order to protect against disclosure of any confidential information, including financial information).

[3] Although Plaintiff relies mostly on Florida state cases, he concedes that federal discovery rules govern. *See* (ECF No. 53 at 8).

5

returns for 2017 and 2018 are arguably relevant to the claims in the instant case. Accordingly, Defendant's motion to compel better responses to Requests 9 and 10 is granted.

  3. *Rule 37 Attorney's Fees and Costs*

Defendant also requests fees and costs pursuant to Rule 37. (ECF No. 47 at 7). Rule 37(a)(5) provides for payment of expenses, including attorney's fees, when a court grants a motion to compel discovery. Fed. R. Civ. P. 37(a)(5); *see also Josendis*, 662 F.3d at 1313-14 (upholding an award of fees under Rule 37). Payment of the moving party's expenses is required unless "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(A)(ii) and (iii). A court has wide latitude in imposing sanctions for failure to comply with discovery. *Alhassid*, 2015 WL 1120273, at *3 (citation omitted). Here, given the sensitive nature of the information requested, the Court finds that Plaintiff's objections to the discovery requests were substantially justified. Accordingly, Defendant's request for attorney's fees under Rule 37 is denied.

## IV.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Responses to Discovery (ECF No. 47) is **GRANTED IN PART** as set forth above. By **February 7, 2020**, Plaintiff shall serve amended responses (with corresponding production).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on January 24, 2020.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Beth Bloom
   All Counsel of Record

6