DAVID POWERS,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff David Powers' ("Plaintiff") Motion to Obtain Leave of Court for Dr. Das to Testify Remotely Via Video Conference at Trial, ECF No. [63] ("Motion"). Defendant Target Corporation ("Defendant") filed a Response in Opposition to the Motion, ECF No. [73], to which Plaintiff filed a Reply, ECF No. [78]. The Court has reviewed the Motion, all opposing and supporting submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is denied.

Plaintiff requests that Dr. Das be permitted to testify at trial remotely due to the exorbitant cost Plaintiff would be forced to incur to bring Dr. Das to Florida to testify at trial. Plaintiff also argues that requiring Dr. Das to testify in person would unduly burden Dr. Das because the required travel would preclude him from tending to patients in his regular orthopedic practice during the trial period. Defendant, on the other hand, argues that the Motion should be denied because Plaintiff has failed to establish good cause or compelling circumstances in this case and because allowing Dr. Das to testify remotely would prejudice Defendant. Specifically, "[v]ideo transmission will deprive jurors of the ability to make face-to-face determinations about Dr. Das' testimony, demeanor, mannerisms and reactions to questions." ECF No. [73] at 4. Likewise,

Defendant argues that being forced to turn over every document it might use in questioning Dr. Das ahead of time would be highly prejudicial and that the remote testimony would significantly complicate the parties' and the witness's ability to rely on specific evidence during examination to explain or rebut the testimony.

> Federal Rule of Civil Procedure 43(a) states:
>
> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a).

Moreover, the Advisory Committee Notes on the 1996 Amendment to Rule 43 clarify the requisite "good cause" and "compelling circumstances":

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other — and perhaps more important — witnesses might not be available at a later time.
> Other possible justifications for remote transmission must be approached cautiously. Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying. An unforeseen need for the testimony of a remote witness that arises during trial, however, may establish good cause and compelling circumstances. Justification is particularly likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness.
> . . . .
> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and

> the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.

Fed. R. Civ. P. 43 advisory committee notes to 1996 amendment.

Here, Plaintiff has failed to establish any good cause or compelling circumstances justifying Dr. Das' purported need to testify remotely. Instead, the explanations submitted to the Court reflect the entirely foreseeable inconvenience to Dr. Das for having to interrupt his busy schedule to attend trial in person. Moreover, Plaintiff, in bringing this action, is responsible for bearing the burdens and costs of litigating his case, including those associated with paying expert witnesses for their fees and their travel and lodging expenses. As the Advisory Committee Notes explain, this inconvenience is not the type of "good cause" or "compelling circumstances" that would warrant granting Plaintiff's Motion. *See Bridges v. United States*, No. 3:15-cv-1248-J-25PBD, 2017 WL 3730569, at *1 (M.D. Fla. May 30, 2017) (denying the plaintiff's request for expert witnesses to testify remotely based on the experts' alleged unavailability for trial because they lived and worked more than 100 miles from the courthouse, noting that "Plaintiff should not be permitted to retain expert witnesses more than 100 miles from the court and then argue that he should be allowed to videotape testimony to use at trial due to the experts' unavailability"); *Lamonica v. Safe Hurricane Shutters, Inc.*, No. 07-61295-CIV, 2011 WL 917726, at *1 (S.D. Fla. Feb. 18, 2011) (concluding that the alleged financial and logistical burdens of attending trial did not constitute "good cause" or "compelling circumstances" for the purposes of Rule 43).

Likewise, Plaintiff has failed to provide the Court with any unexpected reason that would warrant Dr. Das' remote testimony. *See Hamprecht v. Hamprecht*, No. 2:12-cv-125-FTM-29, 2012 WL 1367534, at *2 (M.D. Fla. Apr. 19, 2012) (denying motion to testify remotely at trial because the plaintiff failed to provide any "unexpected reasons" that would establish compelling

circumstances under Rule 43). Finally, the Court notes that the May 11, 2020, trial date has been sscheduled since June 19, 2019. ECF No. [13]. Because Plaintiff has been on notice of the trial date for almost nine months, the Court is unpersuaded that this case warrants granting relief under Rule 43(a). *See Diamond Resorts Int'l, Inc. v. Aaronson*, No. 6:17-cv-1394-ORL-37DCI, 2019 WL 3854762, at *1 (M.D. Fla. Mar. 26, 2019) (denying request to permit expert to testify remotely at trial, explaining that finds that the motion failed to indicate "whether Plaintiffs informed [the expert] of the trial period that was set almost a year ago and the importance of his availability to testify at trial. . . . whether Plaintiffs could have reasonably foreseen availability conflicts . . . and what they did to ensure his appearance at trial" (citations omitted) (citing Fed. R. Civ. P. 43(a) advisory committee notes to 1996 amendment)); *Bridges*, 2017 WL 3730569, at *1 (noting that trial had been set for more than a year and the plaintiff failed to explain why the witnesses did not keep their schedules open during the trial period). The Court therefore concludes that Plaintiff has failed to satisfy the requirement for "good cause in compelling circumstances" as set forth in Rule 43(a). Accordingly, Plaintiff's Motion is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [63]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 6, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record