UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60922-BLOOM/Valle

DAVID POWERS,

     Plaintiff,

v.

TARGET CORPORATION,

     Defendant.

_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendant Target Corporation's ("Defendant") Motion in Limine as it Relates to the Testimony of Plaintiff's Treating Physicians, ECF No. [61] ("Defendant's Motion"), and Plaintiff David Powers' ("Plaintiff") Motion in Limine, ECF No. [64] ("Plaintiff's Motion"), (collectively, the "Motions"). The Court has reviewed the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, Defendant's Motion is denied, and Plaintiff's Motion is granted in part and denied in part.

## I. BACKGROUND

This action concerns a slip and fall at a Target store on March 26, 2017, which caused Plaintiff to sustain nerve damage and personal injuries to his shoulder, bicep, and cervical spine.

Defendant's Motion requests that the trial testimony of Plaintiff's treating physicians, Dr. Shankar Das ("Dr. Das") and Dr. Mark R. Shaya ("Dr. Shaya"), be limited to what is indicated in each of their respective medical reports and that Dr. Das and Dr. Shaya be prohibited from offering testimony on the cause or future impact of Plaintiff's injuries because the disclosures submitted did not meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

Plaintiff's Motion, on the other hand, moves to exclude the following topics:

1. Motion *in Limine* 1: Exclude any evidence, testimony, or commentary regarding Plaintiff's history of erectile dysfunction and penile prothesis surgery, including the records from Perito Urology.

2. Motion *in Limine* 2: Exclude any evidence, testimony, or commentary regarding the credit card statements, ATM statements, and bank statements produced during discovery and preclude testimony that delay of surgery was due to financial reasons.

3. Motion *in Limine* 3: Exclude any evidence, testimony, or commentary regarding Plaintiff's cigarette/tobacco smoking.

4. Motion *in Limine* 4: Exclude any evidence or testimony of Plaintiff's prior criminal conviction.

5. Motion *in Limine* 5: Exclude any evidence, testimony, statement, or insinuation regarding the motivations of Plaintiff bringing the lawsuit, such as for financial gain.

6. Motion *in Limine* 6: Prohibit Defendant from offering any exhibits or evidence not produced in discovery, including, but not limited to, any exhibits or documents not produced during discovery used during the deposition of Xavier Henry ("Mr. Henry").

7. Motion *in Limine* 7: Prohibit Defendant's retained expert, Dr. Alan Routman ("Dr. Routman"), from providing the following non-expert, speculative opinion testimony:

   a. That the treatment by Dr. Shaya was "for purposes of embellishing litigation" and/or similar testimony;

   b. That Plaintiff exhibited "drug seeking behavior."

8. Motion *in Limine* 8: Limiting Dr. Routman's testimony to the opinions listed in his expert report, including, but not limited to, precluding Dr. Routman from testifying to the following:

   a. Any commentary and/or opinion regarding Plaintiff's cigarette/tobacco smoking;

   b. Any commentary and/or opinions regarding Plaintiff's history of erectile dysfunction and penile prothesis surgery, including the records from Perito Urology; and

   c. Any opinions and/or commentary that Plaintiff's delay in his right shoulder surgery affected his outcome.

The Court will address each Motion below.

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of

demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-cv-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-cv-545-FtM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *see also United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or

cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

### III. DISCUSSION

#### A. Defendant's Motion

Defendant moves *in limine* to exclude any trial testimony from Dr. Das or Dr. Shaya regarding issues not raised in Plaintiff's disclosures, and requests that Dr. Das and Dr. Shaya be prohibited from offering testimony on the cause or future impact of Plaintiff's injuries. Plaintiff takes the opposing position, arguing that such opinions were properly disclosed as opinions of Plaintiff's treating physicians that were derived during the course of treatment and care. As such, Plaintiff requests that the Court deny the Motion and award him fees and costs incurred in the preparation of his Response.

"When a treating physician testifies regarding opinions 'formed and based upon observations made during the course of treatment,' the treating physician need not produce a Rule 26(a)(2)(B) report." *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) (citation omitted). Likewise, "because a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based on the examination and treatment of the patient." *Levine v. Wyeth, Inc.*, No. 8:09-cv-854-T-33AEP, 2010 WL 2612579, at *1 (M.D. Fla. June 25, 2010). "Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis, and the extent of disability, if any, caused by the condition or injury." *Id.*; *see also McGuire v. Davis*, 437 F.2d 570, 572-73 (5th Cir. 1971) (finding objection to doctor's testimony as to causation without merit because "a physician who has examined an injured party

may describe what he has seen and give his expert inferences therefrom");[1] *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at \*5 (S.D. Fla. Apr. 4, 2013). On the other hand, "[w]here a doctor's opinion extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)." *Levine*, 2010 WL 2612579, at \*1 (citing *Brown v. Best Foods*, 169 F.R.D. 385, 388 (N.D. Ala. 1996)).

In this case, Plaintiff's Expert Witness Disclosure explains that Dr. Das's and Dr. Shaya's "opinions will be based on [their] care and treatment of [Plaintiff]. [They] will offer observations, diagnoses, and conclusions regarding [Plaintiff's] medical status at the times [they] provided treatment to [Plaintiff], which are detailed [each doctors'] medical records," and they will testify about the injuries sustained by Plaintiff, their recommendations for treatment, the degree of permanency of the injuries sustained, complications and future medical treatment associated with Plaintiff's injuries, the limitations imposed on Plaintiff, and the other issues associated with his injuries. ECF No. [61-1] at 1-2. Dr. Das and Dr. Shaya "will also discuss the causal relationship between the injuries sustained and the subject slip and fall incident of March 26, 2017 . . . . [and] will rely on [their] medical education, experience and training, medical examinations, prior medical records reviewed and treatment of [Plaintiff]." *Id.*

Here, because Dr. Das and Dr. Shaya are Plaintiff's treating physicians and their opinions are based on their care and treatment of Plaintiff, the Court concludes that they may testify as to their opinions on "causation and the need for future treatment if these opinions are sufficiently related to information disclosed during the care and treatment of Plaintiff. The exact boundaries of the treating physician's testimony [should] be addressed with specific objections to specific

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

testimony in the context of trial." *Baratta v. City of Largo*, No. 8:01-cv-1894EAJ, 2003 WL 25686843, at *3 (M.D. Fla. Mar. 18, 2003) (citing *Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 876 (N.D. Ill. 2001)). Thus, Defendant's Motion is denied without prejudice.

Further, as Plaintiff provides no legal basis or justification for its entitlement to attorney's fees incurred in responding to Defendant's Motion, this request is denied.[2]

## B. Plaintiff's Motion

### 1. Plaintiff's Motion *in Limine* 1

Plaintiff first moves *in limine* to exclude any evidence, testimony, or commentary regarding his history of erectile dysfunction and penile prothesis surgery, including his medical records from Perito Urology. Defendant opposes the exclusion of this evidence, arguing that Plaintiff underwent three separate surgical procedures, one of which occurred four months prior to the accident at issue in this case, and his previous medical and surgical treatment is relevant to refute any contention that Plaintiff had to delay having surgery on his shoulder following the accident due to financial reasons and his rare blood condition.

The Court will not preliminarily exclude evidence or questions regarding Plaintiff's relevant, pre-accident surgical procedures. *See Holder*, 2018 WL 4956757, at *3; *Mowbray v. Carnival Corp.*, No. 08-20931-CIV, 2009 WL 10667070, at *6 (S.D. Fla. Apr. 13, 2009); *JVA Enterprises, l, LLC v. Prentice*, 48 So. 3d 109, 114 (Fla. 4th DCA 2010) ("A plaintiff may properly be cross-examined as to his previous injuries, physical condition, claims or actions for injuries similar to those constituting the basis for the present action for the purpose of showing that his present physical condition is not the result of the injury presently sued for, but was caused wholly or partially by an earlier injury or pre-existing condition."). Rather, any questions on the propriety of introducing this evidence are more appropriately addressed at trial. *See Whitcher v. Garrison*

---

[2] The request for attorney's fees incurred in submitting and defending Plaintiff's Motion is similarly denied.

*Prop. & Cas. Ins. Co.*, No. 3:16-cv-1139-J-39JBT, 2019 WL 5103344, at *2 (M.D. Fla. Mar. 18, 2019) ("Plaintiff's previous lumbar injury may be probative to his current limitations and their contributing causes. The Court is unable to preemptively preclude the universe of evidence bearing on Plaintiff's lumbar injury based on the current state of the record."); *Mowbray*, 2009 WL 10667070, at *6 (denying motion to exclude evidence concerning the plaintiff's allegedly unrelated medical condition, namely her anemia, showing how this condition complicated her surgeries). Nevertheless, given the sensitive nature of these surgical procedures and the potential prejudice to Plaintiff from the introduction of evidence relating to these procedures at trial, the Court finds Defendant's suggested limitation appropriate. Thus, in introducing such evidence, any reference to the specific nature of Plaintiff's history of erectile dysfunction and penile prothesis surgery is prohibited. As such, Plaintiff's motion is granted in part.

## 2. Plaintiff's Motion *in Limine* 2

Additionally, Plaintiff seeks to exclude any evidence, testimony, or commentary regarding his credit card statements, ATM statements, and bank statements produced during discovery and to preclude testimony that Plaintiff's shoulder surgery was delayed due to financial reasons because of the purported irrelevance of this information and the prejudice Plaintiff will allegedly suffer if such information is introduced at trial. Plaintiff also argues that these financial records confirm his deposition testimony that he was unable to afford the surgery and, regardless, the issue of delaying the surgery is irrelevant in this action because there is no evidence that the delay affected the outcome of Plaintiff's surgery. Defendant, however, asserts that these records should be admitted because Plaintiff testified during his deposition that the delay in receiving the surgery was due in large part to his financial constraints, and the challenged financial records are relevant to rebut this testimony.

As an initial matter, the Court notes that introducing records to rebut testimony that Plaintiff himself initiated can hardly be considered irrelevant. Moreover, if, as Plaintiff contends, the financial records only serve to confirm Plaintiff's testimony, then it defies logic for Plaintiff to argue that introducing such evidence would be so prejudicial as to render it inadmissible. *See Ctr. for Individual Rights v. Chevaldina*, No. 17-20905-CIV, 2018 WL 3708463, at *3 (S.D. Fla. Aug. 3, 2018) (concluding that a motion *in limine* to exclude financial documents due to their irrelevance was "unpersuasive — at this stage of the case — because Chevaldina could, at the very least, introduce these items for the limited purpose of impeachment. Plaintiff's motion can therefore be denied on this basis alone because a 'decision regarding an advance ruling on the admissibility of impeachment evidence is addressed to the sound discretion of the trial court.'" (quoting *United States v. York*, 722 F.2d 715, 716 (11th Cir. 1984))).

Indeed, Plaintiff's motion is an attempt to resolve substantive issues in this case, which is an improper use of a motion *in limine*. Parties cannot use motions *in limine* as "substitute[s] for motion[s] for summary judgment. [Motions *in limine*] are [also] inappropriate for resolving substantive issues . . . . In addition, a motion in limine is not the mechanism by which we address or narrow the issues to be tried." *Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.*, No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008) (citations omitted). Accordingly, because Plaintiff has failed to establish that the challenged evidence is clearly inadmissible, the Court denies this motion *in limine*. *See Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007) ("Motions in Limine are disfavored; admissibility questions should be ruled upon as they arise at trial. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context.").

Likewise, Plaintiff's motion is denied on the merits. Absent more context surrounding the alleged improper introduction of these financial records, the Court cannot summarily exclude such evidence as irrelevant or unduly prejudicial. *In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *1 ("Unless evidence meets this high standard [of being inadmissible on any relevant ground], evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context."). As such, the Court will make individualized assessments regarding the introduction of Plaintiff's financial records based on properly raised objections during trial. *See Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1285 (11th Cir. 2000) ("Generally, a party must object to preserve error in the admission of testimony, even when a party or a court violates an *in limine* ruling."). Until the nature of the trial testimony is known, however, this motion is premature. *Thompkins v. Lil' Joe Records, Inc.*, No. 02-61161-CIV, 2003 WL 25719229, at *2 (S.D. Fla. Dec. 3, 2003). Accordingly, Plaintiff's motion is denied without prejudice as it relates to his financial records.

### 3.  Plaintiff's Motion *in Limine* 3

Plaintiff's third motion *in limine* seeks to exclude any evidence, testimony, or commentary regarding Plaintiff's cigarette and tobacco use because it is irrelevant and highly prejudicial. Defendant, however, contends that this evidence is relevant to the issues presented in this action.

The Court concludes that evidence of Plaintiff's cigarette and tobacco use is a relevant part of his medical history and his overall health both before the accident and during his recovery. *See In re Bard IVC Filters Prod. Liab. Litig.*, No. CV-16-00782-PHX-DGC, 2018 WL 2095829, at *3 (D. Ariz. May 3, 2018) ("It is common knowledge that long-term smoking can cause shortness of breath and shorten a person's life expectancy." (citing *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 138 (2000) (finding that "the adverse health consequences of tobacco use [are] well known," including that "cigarette smoking causes . . . chronic bronchitis and

emphysema"); *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1194 (11th Cir. 2004) (ordinary consumers "with access to knowledge common to the community, could not be unaware of the dangers of smoking"); *Guilbeault v. R.J. Reynolds Tobacco Co.*, 84 F. Supp. 2d 263, 273 (D.R.I. 2000) (taking judicial notice of "the community's common knowledge of the general disease-related health risks of smoking"))). Moreover, Defendant's expert considered this fact in assessing Plaintiff's overall health. *See* ECF No. [64-3]; *see also Stewart-Patterson v. Celebrity Cruises, Inc.*, No. 12-20902-CIV, 2012 WL 6061750, at *3 (S.D. Fla. Dec. 6, 2012) (denying motion *in limine* to exclude evidence of the plaintiff smoking); *In re Bard IVC Filters Prod. Liab. Litig.*, 2018 WL 2095829, at *3 (noting that the plaintiff's history of smoking was relevant to her medical issues); *Dewit v. UPS Ground Freight, Inc.*, No. 1:16-cv-36-MW/CAS, 2017 WL 4863279, at *2 (N.D. Fla. Aug. 22, 2017) ("Because Mrs. deWit's smoking history is relevant to the duration of her future damages, Plaintiffs' motion on this ground is due to be denied.").

Plaintiff also presents no compelling argument for why the introduction of such evidence would be so unduly prejudicial that it would justify exclusion. *See Gonzalez*, 718 F. Supp. 2d at 1345 ("The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground."). Further, any prejudice to Plaintiff from the introduction of this evidence does not rise to the level of prejudice that would warrant exclusion. *See United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979) ("Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. . . . As to such, Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance. It is not designed to permit the court to "even out" the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none."). The Court therefore denies Plaintiff's motion *in limine* with respect to his history of cigarette and tobacco use.

### 4.  **Plaintiff's Motion** *in Limine* **4**

Next, Plaintiff argues that any evidence or testimony of Plaintiff's prior criminal convictions should be excluded. In response, Defendant argues that it should be allowed to use Plaintiff's prior convictions to attack his credibility because the veracity and truthfulness of Plaintiff's testimony as to nature of the accident, his prior medical history, prior complaints of injuries or accidents, and his financial means are at issue in this case.

Federal Rule of Evidence Rule 609(b) "prohibits the admission of evidence of past convictions for impeachment purposes if the convictions are more than ten years old, 'unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.'" *United States v. North*, No. 1:16-CR-309-WSD, 2017 WL 5185270, at *5 (N.D. Ga. Nov. 9, 2017) (quoting Fed. R. Evid. 609(b)); *see also Lordeus v. Torres*, No. 1:17-cv-20726, 2018 WL 1364641, at *1 (S.D. Fla. Mar. 1, 2018). "Rule 609 applies when a party uses a prior conviction to attack 'a witness's *character for truthfulness*,' and it accordingly applies 'in those cases where the conviction is offered *only* on the theory that people who do certain bad things are not to be trusted to tell the truth.'" *United States v. Young*, 574 F. App'x 896, 899 (11th Cir. 2014) (quoting Fed. R. Evid. 609(a); *United States v. Johnson*, 542 F.2d 230, 235 (5th Cir. 1976)).[3]

"In this circuit, there is a presumption against the use of prior crime impeachment evidence over ten years old; such convictions 'will be admitted very rarely and only in exceptional circumstances.'" *Pritchard*, 973 F.2d at 908 (quoting *United States v. Tisdale*, 817 F.2d 1552, 155

---

[3] *See United States v. Sellers*, 906 F.2d 597, 603 (11th Cir. 1990) ("It is established in this Circuit . . . that crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)."); *United States v. Pritchard*, 973 F.2d 905, 909 n.6 (11th Cir. 1992) ("This circuit does not consider burglary a crime involving dishonesty or false statement, admissible under Rule 609(a)(2). However, the fact that a defendant has committed a burglary is relevant to the determination of whether he is likely to be truthful under oath." (citing *Sellers*, 906 F.2d at 603; *United States v. Brown*, 603 F.2d 1022, 1029 (1st Cir. 1979))).

(11th Cir. 1987); *United States v. Cathey*, 591 F.2d 268, 275 (5th Cir. 1979)). "The danger in admitting stale convictions is that while their remoteness limits their probative value, their prejudicial effect remains." *Id.* "The older the conviction, the less likely it is to be probative. The proponent must show "exceptional circumstances justifying the use of an over-age prior conviction." *North*, 2017 WL 5185270, at *5 (quoting *United States v. Hairston*, 627 F. App'x 857, 860 (11th Cir. 2015)); *see also Young*, 574 F. App'x at 902 ("temporal remoteness of the [prior conviction] depleted . . . any force of probity"); *Pritchard*, 973 F.2d at 909 (noting that, as time passes, a prior conviction's probative value into a witness's character for truthfulness fades).

Here, Plaintiff was convicted for the crimes of theft, burglary, and misappropriation, and was released from confinement approximately eighteen years ago. Thus, the probative value of these stale convictions "is severely limited while its prejudicial value remains." *Lordeus*, 2018 WL 1364641, at *1; *see also United States v. Perrier*, 619 F. App'x 792, 797 (11th Cir. 2015) (collecting cases and noting that the probative value of a 22-year-old prior offense was substantially diminished by the passage of time); *Young*, 574 F. App'x at 903 ("It is certainly true that credibility was central to this case, and that entitled the government to thoroughly impeach Young's credibility by use of prior convictions. But to the extent that the conviction was offered for general impeachment purposes, Rule 609(b)'s anti-admissibility standard applies. For Rule 609 purposes, the probative value of the 2001 conviction was relatively low."); *Sanchez v. Hialeah Police Dep't*, No. 07-21139-CIV, 2010 WL 11639749, at *1 (S.D. Fla. Apr. 12, 2010) ("After reviewing the prior convictions presented by Defendants, [the court concludes] that the prejudicial effect of any convictions occurring more than 10 years prior to this trial outweighs their probative value."); *Anderson v. Mascara*, 347 F. Supp. 3d 1163, 1184 (S.D. Fla. 2018) (same). The prejudicial effect of the Plaintiff's convictions outweigh any probative value in this case. As such, Plaintiff's fourth motion *in limine* is granted.

### 5.   Plaintiff's Motion *in Limine* 5

Next, Plaintiff moves to exclude any evidence, testimony, statement, or insinuation regarding Plaintiff's motivations for bringing this lawsuit, such as for financial gain. Defendant agrees that any evidence or reference to Plaintiff's motivations for bringing the instant action, such as for financial gain, should be excluded. ECF No. [84] at 2. Based on this agreement, any such references will be excluded from trial.

### 6.   Plaintiff's Motion *in Limine* 6

In his sixth motion *in limine*, Plaintiff seeks to prohibit Defendant from offering any exhibits or evidence not produced in discovery, including, but not limited to, any exhibits or documents not produced during discovery that were used during the deposition of Mr. Henry. Federal Rule of Civil Procedure 37(c)(1) states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)); *see also Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 160-61 (11th Cir. 2005); *Incardone v. Royal Caribbean Cruises, Ltd.*, No. 16-20924-CIV, 2019 WL 2709810, at *7 (S.D. Fla. June 28, 2019); *Eli Research LLC v. Must Have Info Inc.*, No. 2:13-cv-695, 2015 WL 6501070, at *2 (M.D. Fla. Oct. 22, 2015).

"Motions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." *Holder*, 2018 WL 4956757, at *1 (citing *Royal Indem. Co.*, 2008 WL 2323900, at *1). Further, a district court may deny a motion *in limine* when it "lacks

the necessary specificity with respect to the evidence to be excluded." *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001) (quoting *Nat'l Union v. L.E. Myers Co.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)).

Plaintiff's motion *in limine* is premature because, at this point in the proceedings, it is unknown what documents, if any, Defendant will attempt to use at trial, either for rebuttal or impeachment purposes, that were not produced during discovery.  The Court will not exclude any allegedly improper evidence that was not produced in the abstract. *See Santiago v. Sanders*, No. 14-61505-CIV, 2015 WL 12860500, at *4 (S.D. Fla. Apr. 16, 2015); *see also Indus. Eng'g & Dev., Inc. v. Static Control*, No. 8:12-cv-691-T-24-MAP, 2014 WL 4983912, at *8 (M.D. Fla. Oct. 6, 2014) (denying without prejudice motion *in limine* seeking to exclude all documents not produced in discovery noting that "[w]hile evidence not produced in response to discovery requests before the close of discovery is generally not admissible, the Court will not grant a blanket motion to limine out any and all items not produced during discovery."). Moreover, to the extent that Plaintiff is requesting that the Court enforce the rules governing trial, this request is not properly the subject of a motion *in limine*. *See Holder*, 2018 WL 4956757, at *1. Until the offending evidence is known with more specificity, this motion must be denied without prejudice. *Thompkins*, 2003 WL 25719229, at *2.

Further, with regard to Plaintiff's arguments as they specifically relate to the document Defendant referenced during Mr. Henry's deposition — a job performance evaluation — Defendant explains that the document was never produced because Defendant did not intend to use the document at trial until Mr. Henry testified to certain facts regarding his job duties while employed by Defendant. Likewise, Plaintiff fails to explain the prejudice suffered by the introduction of this job performance evaluation. Thus, Plaintiff's sixth motion *in limine* is denied without prejudice. Nevertheless, to the extent that this document might be relied on at trial,

Defendant is ordered to immediately provide Plaintiff with this evaluation. *See Eli Research, LLC*, 2015 WL 6501070, at *2 ("Generally, evidence not produced during discovery will be excluded from trial." (citing Fed. R. Civ. P. 26(a))).

### 7. Plaintiff's Motions *in Limine* 7

Further, Plaintiff seeks to prohibit Dr. Routman from providing any non-expert, speculative opinion testimony that Plaintiff's treatment by Dr. Shaya was "for purposes of embellishing litigation" or any similar testimony. Defendant agrees that any testimony that Dr. Shaya's treatment was to embellish litigation should be excluded from trial. ECF No. [84] at 2. Therefore, this motion is granted and any references or testimony that Dr. Shaya's treatment was for the purpose of embellishing litigation in this case shall be excluded.

Additionally, Plaintiff moves to prohibit Dr. Routman from providing any non-expert, speculative opinion testimony that Plaintiff exhibited "drug seeking behavior." After reviewing Dr. Routman's expert report and deposition transcript, the Court concludes that any testimony, evidence, or argument regarding Plaintiff's alleged drug-seeking behavior is improper character evidence that is prohibited under Rule 404. *See Douglas v. Zachry Indus., Inc.*, No. 6:13-cv-1943-Orl-40GJK, 2015 WL 12838969, at *3 (M.D. Fla. Sept. 1, 2015). Additionally, any potential relevance is substantially outweighed by the risk of unfair prejudice under Rule 403. *Id.*; *see also Goines v. Lee Mem'l Health Sys.*, No. 2:17-cv-656-FtM-29UAM, 2019 WL 2211058, at *3 (M.D. Fla. May 22, 2019) ("The Court finds that plaintiff's single use of marijuana in the three years before the alleged assault is not relevant and would be unfairly prejudicial if admitted."). Accordingly, Plaintiff's request to exclude any testimony that Plaintiff exhibited drug-seeking behavior is granted.

### 8.   Plaintiff's Motion *in Limine* 8

In his final motion *in limine*, Plaintiff seeks to preclude Dr. Routman from offering any opinions on matters not specifically identified in his expert report. As noted above, Rule 37(c)(1) states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"Motions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." *Holder*, 2018 WL 4956757, at *1 (citing *Royal Indem. Co.*, 2008 WL 2323900, at *1). Further, a district court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Bowden ex rel. Bowden*, 2001 WL 617521, at *1 (quoting *Nat'l Union*, 937 F. Supp. at 287). The Court concludes that this motion *in limine* is overbroad in that it "lacks the necessary specificity with respect to the evidence to be excluded." *Id.* (citation omitted). The Court refuses to categorically exclude the testimony of any potential expert witness without first being apprised of the nature of that testimony and the purpose for its introduction. Dr. Routman's testimony, and Plaintiff's resulting objections, will be addressed if and when presented at trial. Likewise, to the extent that Plaintiff is requesting that the Court enforce the rules governing trial, this request is not properly the subject of a motion *in limine*. Accordingly, Plaintiff's motion to generally exclude all testimony not specified in Dr. Routman's report is denied without prejudice.

Plaintiff further moves to preclude Dr. Routman from testifying, providing any commentary, or opinions regarding Plaintiff's cigarette/tobacco smoking, his history of erectile dysfunction and penile prothesis surgery, including the records from Perito Urology, or that his

delay in undergoing shoulder surgery affected the outcome of his operation because no such opinions were disclosed in Dr. Routman's expert report. The Court concludes that these requests must also be denied. Specifically, Plaintiff's motion seeks to exclude testimony that is entirely speculative at this stage, and he points to no documents in evidence or deposition testimony to support this speculative testimony. Thus, because the Court cannot know at this point whether Dr. Routman will in fact testify as to the challenged topics, or whether that testimony would be improper given the context in which it is presented at trial, it will not preliminarily exclude the such testimony.

The Court likewise finds that Dr. Routman's expert report is facially sufficient. "The content of an expert report is adequate 'when it is sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced.'" *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947-J-34HTS, 2009 WL 1139575, at * 1 (M.D. Fla. Apr. 27, 2009) (citation omitted) (quotation marks omitted).

> This is not a situation in which the disclosure merely contains broad, general information on the treating physician and his planned testimony. *See, e.g.*, *Pugliese v. Tex. Roadhouse, Inc.*, No. 5:17-cv-392-Oc-PRL, 2018 WL 3757762, at *1 (M.D. Fla. Aug. 8, 2018) (finding Rule 26(a)(2)(C) disclosure inadequate because it "provide[d] little more than the name and address for each provider, together with general statements such as that the witness is a 'board certified orthopedic surgeon,' and 'testimony will relate to his treatment of Plaintiff's injuries after the subject accident, his diagnosis and prognosis, and the resulting medical bills and charges'"); *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *4 (S.D. Fla. Apr. 4, 2013) ("Plaintiff's expert witness disclosures simply lists the names of his treating physicians . . . . It is therefore clear that Plaintiff did not comply with Rule 26(a)(2)(C). Indeed, the reader of Plaintiff's disclosures has no idea what opinion the doctors will offer or on what facts the doctors will base those opinions."). Rather, the descriptions in [the] second amended disclosures are thorough and provide a clear picture of the treatment each physician provided, what materials each physician reviewed, and the opinions each physician plans to offer at trial.

*Hinson v. United States*, No. 8:18-cv-1499-T-33AAS, 2019 WL 2869055, at *4 (M.D. Fla. July 3, 2019).

Rather, Dr. Routman's report sufficiently describes his opinions about Plaintiff's medical history, his injury and course of treatment, his surgical procedures, and his ongoing recovery.[4] At this stage, the Court is satisfied that the opinions in Dr. Routman's report are sufficiently specific as to put Plaintiff on notice that Defendant may present routine testimony regarding health factors that may have affected Plaintiff's injury and subsequent treatment. *See Ward*, 2019 WL 1228063, at *12 ("We also find it to be a bit of a stretch to make the case that a neurologist wholly lacks the ability to discuss, diagnose or otherwise opine on spinal injuries."); *see also Stone v. Fye*, No. 5:15-cv-102, 2017 WL 1199742, at *10 (M.D. Ga. Mar. 31, 2017) ("[R]adiologist[s], orthopedic surgeon[s], [and] neurosurgeon[s] . . . [as] subspecialists[,] routinely diagnose and/or treat lumbar spine problems in their practice."); *Gallagher v. Blue Cross Blue Shield of Ala., Inc.*, No. 06-S-770-S, 2008 WL 11375353, at *6 (N.D. Ala. Apr. 28, 2008) ("Defendant cites no authority in support of this breathtaking limitation on Dr. Summers's proposed testimony, and the court is not aware of any case or rule requiring that a witness' testimony be confined to matters that are independently verifiable by reference to existing written records. Assuming the medical records are deemed admissible or otherwise useable, defendant certainly may attempt to impeach Dr.

---

[4] *See Ward v. Carnival Corp.*, No. 17-cv-24628, 2019 WL 1228063, at *5 (S.D. Fla. Mar. 14, 2019) ("Dr. Amenson reviewed medical records that gave Plaintiff's age, height and weight on the date of the incident, and Defendant's response makes clear that she used this information to evaluate Plaintiff's body mass index, the contribution of his age to slip and fall incidents, and the likelihood that his physical condition in some way influenced the events leading to the fall in question. This information provides more than enough support for the conclusions Dr. Amenson draws from the facts, as presented by Plaintiff, as to how his physical condition may have contributed to the fall."); *see also Jones v. Otis Elevator Co.*, 861 F.2d 655, 662-63 (11th Cir. 1988) ("Expert testimony is admissible [if it] connects conditions existing later to those existing earlier[,] provided the connection is concluded logically."); *Dawsey v. Carnival Corp.*, No. 16-23939-CIV, 2018 WL 4854651, at *4 (S.D. Fla. Oct. 5, 2018) ("Defendants' expert is allowed to provide testimony that casts doubt on Dawsey's causation theory without also definitively opining on what caused the injury."); *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV, 2018 WL 3583002, at *4 (S.D. Fla. July 26, 2018) (refusing to strike cruise ship's rebuttal causation expert's testimony, explaining that "opining on alternative theories" for the plaintiff's injuries does not warrant exclusion); *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-cv-24277, 2016 WL 7507848, at *13 (S.D. Fla. Aug. 1, 2016) ("[W]here defendant seeks to introduce evidence merely to cast doubt on the plaintiff's theory of causation, the expert need not definitively rule out plaintiff's theory for his testimony to be admitted").

Case No. 19-cv-60922-BLOOM/Valle

Summers's testimony, to the extent that it deviates from those records, but his testimony need not be inextricably tied to the written records."); *Gayton v. McCoy*, 593 F.3d 610, 618 (7th Cir. 2010) (holding that general practitioner could testify about possible effects of certain medications on decedent's heart condition because the issue did not concern "specialized knowledge held only be cardiologists."). Beyond this, "[t]he exact boundaries of [Dr. Routman's] testimony [will] need to be addressed with specific objections to specific testimony in the context of trial." *Baratta*, 2003 WL 25686843, at *3; *see also Jones*, 2013 WL 8695361, at *6.

Moreover, as the Court explained above, Plaintiff's history of tobacco use is relevant to his medical history, and Dr. Routman's report clearly lists this medical history as one of the facts he considered during his examination and assessment of Plaintiff. ECF No. [64-3] at 7. Notably, Plaintiff does not cites to relevant case law to support his request to exclude such evidence here. *See Gonzalez*, 718 F. Supp. 2d at 1345 ("The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground."). Likewise, speculative testimony that Plaintiff's recovery from surgery was affected by his delay in treating his injury, if presented, may be relevant to the issues in this case and therefore will not be excluded at this juncture. *See Holder*, 2018 WL 4956757, at *3; *Mowbray*, 2009 WL 10667070, at *6; *JVA Enterprises, l, LLC*, 48 So. 3d at 114; *Whitcher*, 2019 WL 5103344, at *2. Any objections regarding Defendant's failure to disclose specific opinions that Dr. Routman offers at trial will be addressed when raised.

Finally, the Court emphasizes that Dr. Routman will be subject to the same limitations discussed above regarding Plaintiff's history of erectile dysfunction and penile prosthesis surgery — namely, the parties and their experts are prohibited from mentioning the specific nature of these operations and health issues, and they may only discuss them generally. Beyond this limitation, however, the Court reiterates that Plaintiff's medical history and overall health — and any potential issues that affected his health — are relevant to this case and will not be excluded

19

absent a showing that this information is clearly inadmissible for any purpose. *See Stewart*, 2007 WL 1752873, at *1. No such showing has been made here. Therefore, Plaintiff's motion *in limine* as to Dr. Routman's expert opinion testimony is granted in part as to Plaintiff's penile issues, and is otherwise denied without prejudice as to the remaining issues challenged.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [61]**, is **DENIED**.

2. Plaintiff's Motion, **ECF No. [64]**, is **GRANTED in part and DENIED in part** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 27, 2020.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record