UNITED STATES DISTRICT COURT
For the Southern District of Florida
CASE NO.: 0:19-CV-60922

DAVID POWERS,

      Plaintiff,

vs.

TARGET CORPORATION,
a foreign Corporation,

      Defendant.

                                    /

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RECEIVED BY DEFENDANT FROM THIRD-PARTY FIRST CHOICE JANITORIAL SERVICES AND FOR SANCTIONS

COMES NOW, the Plaintiff, DAVID POWERS, by and through his undersigned counsel and hereby files this Motion to Compel Defendant, TARGET CORPORATION (hereinafter referred to as "TARGET") to produce records received from third-party, First Choice Commercial Janitorial Services and further moves for sanctions, and in support thereof states the following:

## BACKGROUND AND MEMORANDUM OF LAW

1. On June 19, 2019, this Court entered a Trial Order with a discovery ending on January 14, 2020. [D.E. 13].

2. Pursuant to motion from Defendant, the Court extended discovery for limited purpose of taking deposition of Xavier Henry. [D.E. 50].

3. The deposition of Xavier Henry occurred on February 20, 2020.

4. At no point following the deposition of Xavier Henry did the Defendant, TARGET, request any additional extension of the discovery deadline.

5.   On May 4, 2020, this Court entered a Trial Order providing for a deadline to file witness lists of June 22, 2020, which was extended until June 23, 2020.  [D.E. 90 and D.E.94].

6.   On June 23, 2020, Defendant, TARGET produced their Witness List. [D.E. 97-4].

7.   Defendant's Witness List included as witness No. 50 David Olmo of First Choice Commercial Janitorial Services, which was the first time during the pendency of the lawsuit that the names of David Olmo and/or First Choice Commercial Janitorial Services were provided to the Plaintiff.

8.   On June 25, 2020, there was a case management conference.  During the conference Plaintiff, DAVID POWERS, requested that David Olmo be stricken as a witness.   The Defendant objected.  The Court ordered that the Plaintiff, DAVID POWERS, would be permitted to take the deposition of David Olmo within the next 30 days. [D.E. 106].

9.   Following the conference, undersigned Counsel, attempted to contact David Olmo.  On or about July 7, 2020, undersigned Counsel spoke with Mr. Olmo's attorney, Natalie Kay, Esq.  At that time Ms. Kay advised undersigned Counsel that documents were produced to Defendant, TARGET, pursuant to a subpoena.  This was the first time Plaintiff was aware of any subpoena related to this witness.

10. The Defendant, TARGET never provided notice to the Plaintiff, DAVID POWERS, of a subpoena requesting records directed to David Olmo of First Choice Janitorial Services.

11. Undersigned Counsel requested the documents via e-mail directly from Ms. Kay who explained as follows:

> "Please reach out to your opposition and obtain the documents produced through the appropriate discovery procedures.  We've produced the documents in response to a subpoena which include private personnel information of a former employee, I'd prefer to not transmit the documents directly."
>
> *See* e-mail from Natalie Kay, Esq. attached hereto as Exhibit "A".

12. Following the conversation with Ms. Kay, undersigned Counsel sent several e-mails to Counsel for Defendant requesting a copy of the subpoena and any and all records produced to Defendant from First Choice Janitorial Services. *See* e-mails attached hereto as Exhibit "B".

13. On July 8, 2020, Plaintiff, DAVID POWERS, filed a Request for Copies for "Any and all documents received from First Choice Janitorial Services", attached hereto as Exhibit "C".

14. On July 10, 2020, Counsel for Defendant responded by e-mail and advised undersigned Counsel that the Defendant, TARGET would not be producing the records or the subpoena stating the following:

> **"In any event the answer to your question is I am not giving you any documentation.** What occurred is that this matter was set for trial in July 2020 so I sent **a trial subpoena to the First Choice representative requesting records and their appearance at trial** in order to rebut and impeach the nonsense of Xavier Henry. First Choice sent me some of the documentation hoping that they would not need to attend trial in order to authenticate the records. My understanding pursuant to the Federal Rules of Civil Procedure and the Rules of Evidence is that I am not required to produce any exhibits that I may utilize for impeachment."

*See* e-mail attached hereto as Exhibit "D" (emphasis added).

15. Counsel for Plaintiff responded to Defendant outlining the arguments expressed herein and to date, Defendant has refused to produce the records and/or the subpoena. *See* e-mail attached hereto as Exhibit "E".

16. Defendant, TARGET, has engaged in discovery beyond the discovery cutoff through the filing of a trial subpoena requesting records. Courts have consistently held that the use of a Rule 45 trial subpoena "may not be used to obtain discovery after the discovery period has closed" and that Parties may not use Rule 45 subpoena to request discoverable documents after the discovery cutoff. *See* Bender for Alansari v. Tropic Star Seafood, Inc., 2008 WL 11344667, at *1 (N.D. Fla. Nov. 10, 2008), attached hereto as Exhibit "F." That Court cited to several cases as follows:

"Rule 45 '[t]rial subpoenas [duces tecum] may not be used, however, as means to engage in discovery after the discovery deadline has passed.' *Puritan Inv. Corp. v. ASLL Corp.*, No. Civ. A. 97–1580, 1997 WL 793569 at *1 (E.D. Pa. Dec. 9, 1997) (& cases cited therein); accord, e.g., 9 Moore's Federal Practice, § 45.02 (Matthew Bender 3d ed. 2005) ("Several courts have concluded that after the discovery deadline a party may not use a subpoena to obtain materials from third parties that could have been produced during discovery.") (citing cases); *Playboy Enter. Int'l Inc. v. OnLine Entm't, Inc.*, No. 00–Civ.–6618, 2003 WL 1567120 at *1–2 (E.D. N.Y. Mar. 13, 2003); *Mortgage Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566–68 & n. 2 (W.D. N.C. 2002) ("After reviewing the relevant case law on both sides of this issue, the Court adopts the rule followed by the majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery.") (citing cases & authorities); *Dreyer v. GACS Inc.*, 204 F.R.D. 120, 122–23 (N.D. Ind. 2001) ("Rule 45 subpoenas constitute 'discovery' within the meaning of Rules 26 and 34.... [T]his Court, like Rice, does not believe 'that a party should be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced during discovery.' "); *Grant v. Otis Elevator Co.*, 199 F.R.D. 673, 675 (N.D. Okla. 2001) ("Litigants may not use the subpoena power of the court to conduct discovery after the discovery deadline."); *Alper v. United States*, 190 F.R.D. 281, 283–84 (D. Mass. 2000); *Rice v. United States*, 164 F.R.D. 556, 558 & n. 1 (N.D. Okla. 1995); *BASF Corp. v. Old World Trading Co.*, No. 86 C 5602, 1992 WL 24076 at *2 (N.D. Ill. Feb. 4, 1992) (Trial subpoenas "may not be used as a means to engage in further discovery.... Here, discovery has been closed for almost eleven months, and the court will not allow the parties to engage in discovery through trial subpoenas. Furthermore, the court's policy of requiring parties to submit a pretrial order detailing those documents which it may use at trial is rendered nugatory if a trial subpoena may issue demanding documents not previously produced or identified."); *Stockwell v. Am. Allsafe Co.*, No. CIV–84–1179, 1986 WL 13941 at *1 (W.D. N.Y. Dec. 9, 1986); *Windsor Commc'ns Group, Inc. v. Price Waterhouse*, No. Civ. A 85–4119, 1986 WL 9888 at *1 (E.D. Pa. Sept. 8, 1986); *Pitter v. American Express Co.*, 82 Civ. 7451, 1984 WL 1272 at *6 (S.D. N.Y. Nov. 27, 1984); *United States v. Watchmakers of Switzerland Info. Ctr. Inc.*, 27 F.R.D. 513, 515 (S.D. N.Y. 1961)."

*Id*.

17. Although Defendant has refused to provide Plaintiff a copy of the subpoena, it appears obvious that this was a subpoena duces tecum (i.e. records were requested).  Therefore, Defendant also violated Fed. R. Civ. P. 45(4) by failing to provide the Plaintiff notice of the subpoena, which included a request for request for records. Fed. R. Civ. P. 45(4), which states:

Notice to Other Parties Before Service. **If the subpoena commands the production of documents**, electronically stored information, or tangible things or the inspection of premises before trial, **then before it is served** on the person to whom it is directed, a **<u>notice and a copy of the subpoena must be served on each party</u>**.

Fed. R. Civ. P. 45(A) *emphasis added*

18. Plaintiff, DAVID POWERS, hereby requests that this Honorable court compel the Defendant, TARGET, to produce the records received from First Choice Janitorial Services.

19. Plaintiff further moves for sanctions under Fed. R. Civ. Pro. 37 and pursuant to their inherent powers for the following:

a. Failing to provide notice to the Plaintiff prior to serving First Choice Janitorial Services with a subpoena;

b. Surreptitiously engaging in discovery without Plaintiff's knowledge;

c. Using a trial subpoena to engage in discovery beyond the discovery cutoff;

d. Failing to produce records received through subpoena following receipt by Defendant;

e. Failing to produce records received through subpoena following the filing of a Request for Copies; and

f. Failing to timely provide Plaintiff the name of the Witness David Olmo and First Choice Janitorial Services.

20. Plaintiff's requests for sanctions includes, but is not limited to the following:

a. Reasonable attorney's fees for time in preparing this Motion and requesting documentation from Defendant;

b. Precluding Witness, David Olmo/ First Choice Janitorial Services from testifying (should the Court not preclude the witness from testifying, Plaintiff requests an

additional 30 days to take the deposition of David Olmo following receipt of the

records);

c.  Precluding use of record produced by First Choice Janitorial Services from use at

Trial; and

d.  Any additional sanctions the Court deems just and appropriate under the

circumstances.

**WHEREFORE**, Plaintiff, DAVID POWERS, respectfully seeks an Order compelling the

Defendant, TARGET CORPORATION to produce the records received from Third-Party, First

Choice Janitorial Services and for Sanctions, including, but not limited to an award to Plaintiff for

all reasonable attorney's fees and costs in bringing this Motion.

### CERTIFICATE OF CONFERENCE

Undersigned counsel hereby certifies that in accordance with local rule 7.1(a)(3) has

conferred with Defendant in a good-faith effort to resolve the issues raised in the motion and has

been unable to do so. Plaintiff agrees to File a Notice of Mootness with regards to this Motion if

Defendant provides the agreed upon responses and answers.

### CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that in accordance with local Rule 7.1(a)(3) has made

reasonable efforts to confer with Defendant and Defendant does not object to the reopening of

the case.

Dated this 15th day of July, 2020.

  s/ *Ian D. Pinkert*

Ian D. Pinkert, Esq.
Fla. Bar No.: 84572
Halpern Santos & Pinkert, P.A.
150 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Telephone (305) 445-1111
Facsimile (305) 445-1169