Case 0:19-cv-60922-BB   Document 111-6   Entered on FLSD Docket 07/15/2020   Page 1 of 2

Bender for Alansari v. Tropic Star Seafood, Inc., Not Reported in Fed. Supp. (2008)

EXHIBIT F

2008 WL 11344667
Only the Westlaw citation is currently available.
United States District Court, N.D. Florida.

Theresa BENDER, as Bankruptcy Trustee FOR Abdul ALANSARI, and Abdul Alansari, Plaintiff,
v.
TROPIC STAR SEAFOOD, INC., Defendant.

Case No. 4:07cv438–SPM/WCS
|
Signed 11/10/2008

**Attorneys and Law Firms**

Melissa Ann Horwitz, Law Offices of Richard Johnson, Richard Errol Johnson, Richard E. Johnson PA, Tallahassee, FL, for Plaintiff.

Andrea Teves Smith, Stephen R. Senn, Joshua Keith Brown, Peterson & Myers PA, Lakeland, FL, for Defendant.

### ORDER

WILLIAM C. SHERRILL, JR., UNITED STATES MAGISTRATE JUDGE

 *1 Plaintiff has moved to compel production of trial subpoenas. Doc. 109. Defendant has responded. Doc. 120.

Plaintiff asserts that it does not know how many trial subpoenas were issued by Defendant, but it has a copy of a subpoena to H&R Block. Doc. 109–2. The subpoena states it is a subpoena for trial issued by Defendant. *Id.*, p. 1. It demands that H&R Block bring to trial on Monday, September 15, 2008, all the tax return documents it may have for tax years 2000 to 2008 for Plaintiff using several names and social security numbers. *Id.*, pp. 1, 4. A rider is attached that first states that the subpoena has been issued by Plaintiff and then instructs H&R Block to contact Defendant's counsel to make arrangements that will be more convenient. *Id.*, p. 5. A reasonable person reading this subpoena, which includes the rider, would conclude that the subpoena was issued by Defendant and that the reference to Plaintiff at the top of the rider was a typographical error, and that if there were any questions, the person could call Defendant's paralegal, Mark McClure, at 863–904–1320. *Id.*

On August 5, 2008, Defendant filed a motion to continue the trial. Doc. 86. On August 20, 2008, Judge Mickle's law clerk sent an email notifying the parties that an order setting a "firm trial date" would be issued in a few days, and that the parties could be assured that the trial date would be after September 15, 2008. Doc. 109–3. This subpoena was served upon H&R Block by Defendant on September 3, 2008, after Defendant knew that the trial was continued. *Id.*, p. 1. The order continuing the trial and setting it for May 11, 2009, was entered on September 11, 2008. Doc. 100.

At the hearing today, Defendant's counsel said that Defendant has not received any documents pursuant to the subpoenas that were issued. Somewhat over 10 trial subpoenas were issued, but only three were served. The subpoena to H&R Block is one of the three. The three entities upon which the subpoenas were served have been notified that the subpoenas have been cancelled and that new trial subpoenas will be issued.

The subpoena to H&R Block does not seek production at trial of documents that Defendant acquired during the discovery period. Defendant will not know what documents will be brought to the courthouse for the trial in compliance with this subpoena, and will be unable to provide copies to Plaintiff and list them on an exhibit list as will be required for the pretrial conference. Consequently, this subpoena and the others, which are presumably like it, are discovery subpoenas.

Rule 45 trial subpoenas may not be used to obtain discovery after the discovery period has closed. McKay v. Triborough Bridge and Tunnel Authority, 2007 WL 3275918 (S.D. N.Y. Nov 05, 2007) (NO. 05 CIV.8936(RJS)).

> Trial subpoenas are appropriate in certain circumstances, such as securing an original document previously disclosed during discovery, or for purposes of memory recollection or trial preparation. *See* Bufkin v. Norfolk S. Corp., No. 1:00–CV–424, 2002 WL 32144317, at *1 (N.D. Ind. Mar.20, 2002). "However, when a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied." McNerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 588 (W.D. N.Y. 1995).

 *2 Revander v. Denman, 2004 WL 97693, *1 (S.D. N.Y. Jan 21, 2004) (No. 00 CIV. 1810 (RJH)).

Case 0:19-cv-60922-BB   Document 111-6   Entered on FLSD Docket 07/15/2020   Page 2 of 2

**Bender for Alansari v. Tropic Star Seafood, Inc., Not Reported in Fed. Supp. (2008)**

Rule 45 "[t]rial subpoenas [duces tecum] may not be used, however, as means to engage in discovery after the discovery deadline has passed." *Puritan Inv. Corp. v. ASLL Corp.*, No. Civ. A. 97–1580, 1997 WL 793569 at *1 (E.D. Pa. Dec. 9, 1997) (& cases cited therein); accord, e.g., 9 MOORE'S FEDERAL PRACTICE, § 45.02 (Matthew Bender 3d ed. 2005) ("Several courts have concluded that after the discovery deadline a party may not use a subpoena to obtain materials from third parties that could have been produced during discovery.") (citing cases); *Playboy Enter. Int'l Inc. v. OnLine Entm't, Inc.*, No. 00–Civ.–6618, 2003 WL 1567120 at *1–2 (E.D. N.Y. Mar. 13, 2003); *Mortgage Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566–68 & n. 2 (W.D. N.C. 2002) ("After reviewing the relevant case law on both sides of this issue, the Court adopts the rule followed by the majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery.") (citing cases & authorities); *Dreyer v. GACS Inc.*, 204 F.R.D. 120, 122–23 (N.D. Ind. 2001) ("Rule 45 subpoenas constitute 'discovery' within the meaning of Rules 26 and 34.... [T]his Court, like Rice, does not believe 'that a party should be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced during discovery.' "); *Grant v. Otis Elevator Co.*, 199 F.R.D. 673, 675 (N.D. Okla. 2001) ("Litigants may not use the subpoena power of the court to conduct discovery after the discovery deadline."); *Alper v. United States*, 190 F.R.D. 281, 283–84 (D. Mass. 2000); *Rice v. United States*, 164 F.R.D. 556, 558 & n. 1 (N.D. Okla. 1995); *BASF Corp. v. Old World Trading Co.*, No. 86 C 5602, 1992 WL 24076 at *2 (N.D. Ill. Feb. 4, 1992) (Trial subpoenas "may not be used as a means to engage in further discovery.... Here, discovery has been closed for almost eleven months, and the court will not allow the parties to engage in discovery through trial subpoenas. Furthermore, the court's policy of requiring parties to submit a pretrial order detailing those documents which it may use at trial is rendered nugatory if a trial subpoena may issue demanding documents not previously produced or identified."); *Stockwell v. Am. Allsafe Co.*, No. CIV–84–1179, 1986 WL 13941 at *1 (W.D. N.Y. Dec. 9, 1986); *Windsor Commc'ns Group, Inc. v. Price Waterhouse*, No. Civ. A 85–4119, 1986 WL 9888 at *1 (E.D. Pa. Sept. 8, 1986); *Pitter v. American Express Co.*, 82 Civ. 7451, 1984 WL 1272 at *6 (S.D. N.Y. Nov. 27, 1984); *United States v. Watchmakers of Switzerland Info. Ctr. Inc.*, 27 F.R.D. 513, 515 (S.D. N.Y. 1961).

Dodson v. CBS Broadcasting, Inc., 2005 WL 3177723, *3 (S.D. N.Y. Nov 29, 2005) (No. 02 CIV. 9270(KMW)(AJ). *See also*, Dag Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 104 (D. D.C. 2005) (and cases collected).

Accordingly, it is **ORDERED** that Plaintiff's motion to compel, doc. 109, is **GRANTED** in part. All of the Rule 45 subpoenas issued by Defendant in preparation for the trial that was scheduled for September 15, 2008, as trial subpoenas are **QUASHED.** In all other respects the motion is **DENIED** as moot.

**\*3** **DONE AND ORDERED** on November 10, 2008.

**All Citations**

Not Reported in Fed. Supp., 2008 WL 11344667

---

**End of Document**          © 2020 Thomson Reuters. No claim to original U.S. Government Works.