UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-60922-BLOOM/VALLE

DAVID POWERS,
*individually*,

    Plaintiff,

    v.

TARGET CORPORATION,
*a foreign corporation*,

    Defendant.
_____

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

THIS CAUSE is before the Court upon Plaintiff's Motion to Compel Production of Documents Received by Defendant from Third-Party First Choice Janitorial Services and for Sanctions (ECF No. 111) (the "Motion"). Although the discovery deadline has expired, the Motion is before the undersigned under the Court's general discovery referral order. *See* (ECF No. 13). The Court has reviewed the Motion, Defendant's Response (ECF No. 114), Plaintiff's Reply (ECF No. 115), and being otherwise fully advised in the matter, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART** for the reasons set forth below.[1]

The Motion requires the Court to determine whether Defendant properly served a subpoena to Third-Party First Choice Janitorial Services (the "Third Party Subpoena") without notice to Plaintiff. *See generally* (ECF No. 111). The issuance and service of subpoenas is governed by Federal Rule of Civil Procedure Rule 45. *Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc.*, No. 6:07-CV-1091-OrL-19GJK, 2010 WL 11508114, at *1 (M.D. Fla. Jan. 22, 2010). "Some courts

---

[1] The background and procedural history of this case have been summarized in the Court's prior Orders, which are incorporated by reference. *See, e.g.*, (ECF Nos. 26, 54).

have drawn a distinction between 'discovery subpoenas' and 'trial subpoenas.'" *Id.* (compiling case law on the distinction between a "discovery" and "trial" subpoena); *see also nSight, Inc. v. PeopleSoft, Inc.*, No. 3:04 CV-3836-MMC (MEJ), 2006 WL 988807, at *2 (N.D. Cal. Apr. 13, 2006) (generally discussing the two types of subpoenas).

Defendant served the Third-Party Subpoena as a subpoena *duces tecum* for trial. *See generally* (ECF No. 114). Under Rule 45, a subpoena calling for the production of documents at trial (and not before) does not require prior notice to Plaintiff. Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents . . . *before trial*, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.") (emphasis added); *Rasmussen,* 2010 WL 11508114, at *2 (concluding that notice was not required prior to issuing trial subpoena); *but see O'Connor's Federal Rules * Civil Trials* (2020) Ch.1-H § 3.4.3 (noting, without citation, that a party who seeks to subpoena a person to testify at trial must provide notice by serving the subpoena on the person and on each party).

Here, however, the undersigned finds that Defendant's Third-Party Subpoena is more analogous to a "discovery subpoena," which would require notice to Plaintiff, because it sought documents that had not been previously produced. *See* (ECF No. 114-1 at 2) (containing *subpoena duces* tecum redacted on the grounds that "the specific documentation requested from [Third-Party] . . . constitutes work-product.");[2] *see also Bender for Alansari v. Tropic Star Seafood, Inc.*, No. 4:07-CV-438-SPM/WCS, 2008 WL 11344667, at *2 (N.D. Fla. Nov. 10, 2008) (compiling case law for the proposition that a Rule 45 trial subpoena *duces tecum* may not be used to engage in discovery after the discovery deadline has passed); *nSight*, 2006 WL 988807, at *3 (concluding that, absent a narrow exception, a request for production under Rule 45 generally constitutes pretrial discovery); *Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566 (W.D.N.C. 2002) (adopting the majority

---

[2] Plaintiff does not challenge Defendant's invocation of the work product doctrine.

rule that a Rule 45 subpoena constitutes discovery); *but see Pushko v. Klebener*, No. 3:05-CV-211-J-25HTS, 2007 WL 2671263, at *3 (M.D. Fla. Sept. 7, 2007) (noting that, although a Rule 45 subpoena generally constitutes discovery, Rule 45 subpoenas are permitted for memory refreshment, trial preparation, or to ensure the availability at trial of original documents previously disclosed by discovery); *Rice v. United States*, 164 F.R.D. 556, 558, n.1 (N.D. Okla. 1995) (finding that, although the Rule 45 subpoena in the case constituted discovery, a Rule 45 subpoena may be properly employed to secure the production at trial of original documents previously disclosed by discovery). That said, however, the Federal Rules of Civil Procedure do not require disclosure of documents that Defendant intends to use solely for impeachment. *See* Fed. R. Civ. P. 26(a)(3)(A) (requiring disclosure of information about evidence that a party may present at trial *other than solely for impeachment*). Given the interplay between these two Rules, it is unclear whether Defendant should be required to produce subpoenaed documents that it obtained solely for impeachment at trial, even if the Third-Party Subpoena is construed as a "discovery subpoena" that would generally require notice to Plaintiff.

In light of the circumstances of this case, and in the interest of justice, Defendant's use of a Rule 45 subpoena requesting previously undisclosed documents weighs in favor of requiring production of the Third-Party documents to Plaintiff. Ultimately, the Third-Party voluntarily produced documents to Defendant before the trial, which has since been postponed. Furthermore, other than Defendant's representations about the intended use (impeachment) for the subpoenaed documents, there is no claim of resulting prejudice or other impediment to production. Importantly, the Court's prior rulings also support requiring production of the subpoenaed documents to Plaintiff. Specifically, the District Judge previously "permitted [Plaintiff] to depose Defendant's [Third-Party] witness, David Olmo, at a mutually agreeable time for all parties . . . ." ECF No. [106]. The Third Party's decision to turn over documents to Defendant in lieu of appearing at trial or his potential

response to being deposed by Plaintiff does not alter the Court's prior Order. Plaintiff can depose the Third-Party's witness as previously permitted, and it is reasonable for Plaintiff to obtain the documents produced by the Third-Party to Defendant in advance of the deposition. Accordingly, by the date set forth below, Defendant is to produce to Plaintiff a copy of the documents received from the Third-Party pursuant to the subpoena.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Production of Documents Received by Defendant from Third-Party First Choice Janitorial Services and for Sanctions (ECF No. 111) is **GRANTED IN PART**. Specifically:

(i) By **August 13, 2020**, Defendant must provide Plaintiff with a copy of the documents received from the Third-Party in response to the subpoena *duces tecum* at issue in the Motion;

(ii) Additionally, by the same date, the parties are to confer telephonically in a good faith effort to select a date for Mr. Olmo's deposition. The parties must coordinate with counsel for the witness to select a mutually agreeable date;

(iii) By **August 27, 2020**, the parties must have completed the deposition of Mr. Olmo;

(iv) Plaintiff's request for sanctions pursuant to Rule 37, *see* (ECF No. 111 at 5), is **DENIED** as Defendant's position was substantially justified. Fed. R. Civ. P. 37(a)(5) (allowing for reasonable expenses incurred in making discovery motion unless motion was substantially justified or other circumstances make an award of expenses unjust).

(v) All other relief requested in the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on August 6, 2020.

*[signature]*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Beth Bloom
  All Counsel of Record